**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **VERNON LEWIS GLOVER** | **CIVIL ACTION NO. 19-0213** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MEDICAL STAFF JACKSON PARISH** | **MAG. JUDGE KAREN L. HAYES** |
| **CORRECTIONAL CENTER, ET AL.** | |

**MEMORANDUM ORDER**

Plaintiff Vernon Lewis Glover, a prisoner at Catahoula Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed the instant proceeding on February 20, 2019, under 42 U.S.C. § 1983. He names the following Defendants: Nurse Tiffany Griffen, "Jackson Parish Correctional Administration," and "Medical Staff Jackson Parish Correctional Center."[1]

**Background**

Plaintiff alleges that, on either October 12 or 14, 2018, a physician at Jackson Parish Correctional Center ("JPCC") diagnosed him with a hernia near his groin and then recommended surgery at E.A. Conway Hospital. [doc. # 4, p. 3]. A physician at E.A. Conway examined Plaintiff and scheduled surgery. [doc. # 1, p. 1]. Before he could have surgery, he was transferred to "LaSalle Corrections" in Olla, Louisiana. *Id*. He informed a nurse there that he required hernia surgery, but she informed him that the facility did not pay for surgery. *Id.*

On December 17, 2018, Plaintiff was transferred back to JPCC. [doc. # 1, p. 2]. Plaintiff faults Defendant Tiffany Griffen, a nurse at JPCC for failing to arrange his surgery or to otherwise respond to his requests for surgery. [doc. # 4, p. 3]. His hernia causes him severe pain, he cannot

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

walk far, he cannot stand up long, and he must stay on his back "at all time[s] to keep the pain down some."  [doc. # 1, p. 2].

On April 8, 2019, Plaintiff notified the Court that he was transferred to his present place of confinement, CCC.  [doc. # 7].

Plaintiff wants Defendants to make arrangements for his surgery, and he seeks $250,000.00 for his pain and suffering.  [doc. # 4, p. 4].

### Amendment

While Federal Rule of Civil Procedure 8 does not require explicit detail, it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendants.  In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations.  Before proceeding further, Plaintiff should amend his Complaint, provide the information outlined below, and remedy the deficiencies described below.  See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff should:

> (1) provide a separate description of what, exactly, each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights;
>
> (2) provide a description of the injury or harm, if any, sustained as a result of each alleged violation;
>
> (3) provide the name of each person—as opposed to naming only groups of persons—who allegedly violated his constitutional rights;

(4) provide copies of any grievances, administrative remedy requests, and appeals that he filed (that are in his possession or that he may obtain) concerning each of his claims, as well as copies of any responses he received; and

(5) to the best of his ability, allege whether he reasonably expects that he will be transferred back to JPCC.

## 1. Medical Care

Plaintiff should allege facts to establish that specific, identified individuals were deliberately indifferent to a substantial risk of serious medical harm to him.  He should, to the best of his ability, provide:

(1) a description of all medical treatment that he received relative to his claims;

(2) the dates and approximate times that he received treatment and medication;

(3) any medications, treatment, medical supplies, medical equipment, or apparatuses prescribed or provided for his alleged injuries or condition;

(4) any diagnosis that he received relating to his claims;

(5) names of the medical providers who provided treatment;

(6) names of the facilities where he received treatment;

(7) the treatment and/or medication he claims that a defendant should or should not have provided;

(8) a description of each injury, condition, or medical need he claims that a defendant deliberately failed to treat, deliberately treated incorrectly, or deliberately delayed treating;

(9) copies of any medical records that are in his possession or that he may obtain;

(10) information concerning requests for care, as well as copies of any sick call requests or other requests for medical care that are in his possession or that he may obtain; and

(11) any other information to establish that a defendant was deliberately indifferent (i.e. that a defendant knew of a substantial risk of serious harm to Plaintiff's health

and disregarded that risk).

### Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Vernon Lewis Glover shall amend his Complaint, within **thirty (30) days** of the filing of this Order, to cure the deficiencies outlined above.  Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 6th  day of May, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE