UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

VERNON LEWIS GLOVER                      CIVIL ACTION NO. 19-0213

                                         SECTION P

VS.

                                         JUDGE TERRY A. DOUGHTY

MEDICAL STAFF JACKSON PARISH             MAG. JUDGE KAREN L. HAYES
CORRECTIONAL CENTER, ET AL.

## MEMORANDUM ORDER

Before the undersigned is a motion for appointed counsel, [doc. # 12], filed by Plaintiff

Vernon Lewis Glover, a prisoner at Catahoula Correctional Center proceeding pro se and in

forma pauperis.

Congress has not specifically authorized courts to appoint counsel for plaintiffs

proceeding under Section 1983. "Generally speaking, no right to counsel exists in § 1983

actions . . . [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d)

where exceptional circumstances are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985)

(internal quotation marks and quoted source omitted). Under 28 U.S.C. § 1915(e)(1), federal

courts may only *request* that an attorney represent an indigent plaintiff. See *Mallard v. U.S.

Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989).

Although courts can ask an attorney to represent an indigent plaintiff, they are not

required to in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d.

209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). To determine

whether exceptional circumstances exist, courts consider:

1. the type and complexity of the case;

2. the [plaintiff's] ability adequately to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment will benefit the [plaintiff], the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992) (quotation marks and quoted source omitted); see *Ulmer*, 691 F.2d. at 213; *Jackson*, 864 F.2d. at 1242. Courts also consider whether a plaintiff has demonstrated an inability to secure private counsel on his own. See *Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

Here, with respect to the first factor above, Plaintiff's allegations, while serious, are not complex. Second, Plaintiff's filings demonstrate that he is reasonably articulate and intelligent; he need not be versed in the law if he can recite his facts and demands with sufficient clarity.

Examining the third factor is premature because the case is not set for trial.[1] Turning to the fourth factor, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Finally, Plaintiff is not excused from trying to procure counsel himself. He has not demonstrated that he is unable to secure representation from an attorney or pro bono organization. In sum, Plaintiff does not present exceptional circumstances.

Accordingly, **IT IS ORDERED** that Plaintiff's motion, [doc. # 12], is **DENIED**.

In Chambers, Monroe, Louisiana, this 28th day of May, 2019.

Karen L. Hayes
United States Magistrate Judge

---

[1] Moreover, conflicting testimony is a "common element[] in civil rights cases" and does not, therefore, necessarily reflect exceptional circumstances. *Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (quoting *James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009)).

2