**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **VERNON LEWIS GLOVER** | **CIVIL ACTION NO. 19-0213** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MEDICAL STAFF JACKSON PARISH CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Vernon Lewis Glover, a prisoner at Catahoula Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed the instant proceeding on February 20, 2019, under 42 U.S.C. § 1983. He names the following Defendants: Nurse Tiffany Griffen, "Jackson Parish Correctional Administration," "Medical Staff Jackson Parish Correctional Center," Warden Timothy Ducote, Warden Saucer, and Major LeBlanc.[1]

### Background

Plaintiff alleges that, on either October 12 or 14, 2018, a physician at Jackson Parish Correctional Center ("JPCC") diagnosed him with a hernia near his groin and then recommended surgery at E.A. Conway Hospital. [doc. # 4, p. 3]. A physician at E.A. Conway Hospital examined Plaintiff and scheduled surgery. [doc. # 1, p. 1]. Before Plaintiff could have surgery, he was transferred to "LaSalle Corrections" in Olla, Louisiana. *Id.* He informed a nurse there that he required hernia surgery, but she informed him that the facility did not pay for surgery. *Id.*

On December 17, 2018, Plaintiff was transferred back to JPCC. [doc. # 1, p. 2]. Plaintiff faults Defendant Tiffany Griffen, a nurse at JPCC for failing to arrange his surgery or to

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

1

otherwise respond to his requests for surgery. [doc. # 4, p. 3]. Plaintiff also claims that he directed grievances to Warden Timothy Ducote concerning his lack of care, but Ducote did not respond. [doc. # 13, p. 1]. He claims that Warden Saucer and Major LeBlanc were aware of his grievances, yet both failed to help him. *Id.* at 2.

Plaintiff's hernia causes him severe pain, he cannot walk "far," he cannot stand up "long," and he must stay on his back "at all time[s] to keep the pain down some." [doc. # 1, p. 2]. He cannot work, run, attend a rehabilitation program, or lift objects over twenty pounds. [doc. # 13, p. 2]. He also has infrequent bowel movements. *Id.* His condition is deteriorating: his hernia "is still growing and going down in [his] right testicle." *Id.* If the hernia ruptures, "the substance would go into [his] stomach and kill [him] . . . ." *Id.*

On April 8, 2019, Plaintiff notified the Court that he was transferred to his present place of confinement, CCC. [doc. # 7].

Plaintiff wants Defendants to make arrangements for his surgery, and he seeks $250,000.00 for his pain and suffering. [doc. # 4, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

Likewise, a complaint fails to state a claim on which relief can be granted if it appears

3

that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. "Medical Staff Jackson Parish Correctional Center" and "Jackson Parish Correctional Administration"**

Plaintiff names "Medical Staff Jackson Parish Correctional Center" and "Jackson Parish Correctional Administration" as defendants. Federal Rule of Civil Procedure 17(b)(3) provides

4

that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, neither defendant qualifies as a juridical person. See *Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . ."). Accordingly, to the extent Plaintiff names the "staff" and "administration" as singular entities, the Court should dismiss Plaintiff's claims against them.

If, by "staff" and "administration," Plaintiff means individuals other than those he identified in his amended pleading, he does not identify these persons and does not address how these unidentified persons were personally involved in depriving him of a constitutional right.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Accordingly, to the extent Plaintiff names "staff" and "administration" as groups of unidentified persons, the Court should dismiss Plaintiff's claims against them.

### 3. Violating Policies, Rules, and Regulations

Plaintiff claims that, by denying him proper medical care, Defendants violated several

5

policies, rules, guidelines, and regulations set forth by JPCC and the Louisiana Department of Public Safety and Corrections ("LDPSC"). [doc. # 13, pp. 1-3].

"[T]he failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation." *Moreno v. Bunton*, 193 F.3d 518 (5th Cir. 1999); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("The [LDPSC] and [Corrections Corporation of America] internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal footnotes removed).

Here, to the extent Plaintiff seeks relief solely for Defendants' alleged violation of JPCC and LDPSC policies, rules, guidelines, and regulations, he does not state a plausible claim. Accordingly, the Court should dismiss this claim.[3]

### 4. Injunctive Relief

Plaintiff asks the Court to order Defendants—who are allegedly all officials only at JPCC[4]—to schedule his surgery. Plaintiff, however, is no longer confined in JPCC, and he does not allege or suggest that Defendants have the authority or means to provide care at CCC, his

---

[3] The Court should retain Plaintiff's claim for denial of medical care and his associated request for monetary relief. See *Delaughter v. Woodall*, 909 F.3d 130 (5th Cir. 2018) (finding a genuine dispute concerning whether an official was deliberately indifferent to a prisoner's medical needs for delaying surgery that a physician deemed necessary); *Estate of Henson v. Krajca*, 440 F. App'x 341, 344 (5th Cir. 2011) ("We have found evidence of deliberate indifference where jail nurses knew of the inmate's medical needs but ignored doctors' explicit treatment orders to meet those needs.").

[4] Plaintiff originally named "Jackson Parish Correctional Administration" and "Medical Staff Jackson Parish Correctional Center" as two defendants. In response to the undersigned's instruction to provide the name of each person—as opposed to naming only groups of persons—who allegedly violated his constitutional rights, Plaintiff amended, alleging that the two groups of persons at JPCC that he originally named include Nurse Griffen, Warden Ducote, Warden Saucer, and Major LeBlanc. [doc. # 13, p. 2].

current place of confinement. Moreover, Plaintiff does not allege or suggest that there is a reasonable, demonstrable probability that he will be transferred back to JPCC.[5] Rather, he alleges that he "will not be shipped back to JPCC [because JPCC does not] hold DOC prisoners . . ." [doc. # 13, p. 2]. Thus, the Court should deny, as moot, his request for injunctive relief.[6]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Vernon Lewis Glover's request for injunctive relief be **DISMISSED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against "Jackson Parish Correctional Administration" and "Medical Staff Jackson Parish Correctional Center," as well as Plaintiff's claim that defendants violated JPCC and LDPSC policies, rules, guidelines, and regulations, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[5] See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

[6] See *Cooper v. Thomas*, 101 F. App'x 983, 984 (5th Cir. 2004) ("Cooper's request for a medical examination and chest x-ray became moot upon his transfer to the state penitentiary."); *Lee v. Richland Par. Det. Ctr.*, 483 F. App'x 904 (5th Cir. 2012) (affirming the finding, in an action against a warden and medical staff, that the detainee's request for injunctive relief concerning denial of medical care was moot because the detainee was no longer housed at the detention center); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief relating to environmental conditions at the original unit moot); see also *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

7

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of May, 2019.

_____
Karen L. Hayes
United States Magistrate Judge