**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

VERNON LEWIS GLOVER                       CIVIL ACTION NO. 19-0213

                                          SECTION P

VS.

                                          JUDGE TERRY A. DOUGHTY

MEDICAL STAFF JACKSON PARISH              MAG. JUDGE KAREN L. HAYES
CORRECTIONAL CENTER, ET AL.

**MEMORANDUM ORDER**

Plaintiff Vernon Lewis Glover, a prisoner at Catahoula Correctional Center ("CCC")

proceeding pro se and in forma pauperis, filed the instant proceeding on February 20, 2019,

under 42 U.S.C. § 1983.  He names the following Defendants: Nurse Tiffany Griffen, "Jackson

Parish Correctional Administration," "Medical Staff Jackson Parish Correctional Center,"

Warden Timothy Ducote, Warden Saucer, and Major LeBlanc.[1]

**Background**

Plaintiff alleges that, on either October 12 or 14, 2018, a physician at Jackson Parish

Correctional Center ("JPCC") diagnosed him with a hernia near his groin and then recommended

surgery at E.A. Conway Hospital.  [doc. # 4, p. 3].  A physician at E.A. Conway Hospital

examined Plaintiff and scheduled surgery.  [doc. # 1, p. 1].  Before Plaintiff could have surgery,

he was transferred to "LaSalle Corrections" in Olla, Louisiana.  *Id*.  He informed a nurse there

that he required hernia surgery, but she informed him that the facility did not pay for surgery.  *Id.*

On December 17, 2018, Plaintiff was transferred back to JPCC.  [doc. # 1, p. 2].  Plaintiff

faults Defendant Tiffany Griffen, a nurse at JPCC for failing to arrange his surgery or to

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

otherwise respond to his requests for surgery.  [doc. # 4, p. 3].  Plaintiff also claims that he directed grievances to Warden Timothy Ducote concerning his lack of care, but Ducote did not respond.  [doc. # 13, p. 1].  He claims that Warden Saucer and Major LeBlanc were aware of his grievances, yet both failed to help him.  *Id.* at 2.

 Plaintiff's hernia causes him severe pain, he cannot walk "far," he cannot stand up "long," and he must stay on his back "at all time[s] to keep the pain down some."  [doc. # 1, p. 2].  He cannot work, run, attend a rehabilitation program, or lift objects over twenty pounds.  [doc. # 13, p. 2].  He also has infrequent bowel movements.  *Id.*  His condition is deteriorating: his hernia "is still growing and going down in [his] right testicle."  *Id.*  If the hernia ruptures, "the substance would go into [his] stomach and kill [him] . . . ."  *Id.*

On April 8, 2019, Plaintiff notified the Court that he was transferred to his present place of confinement, CCC.  [doc. # 7].

Plaintiff wants Defendants to make arrangements for his surgery, and he seeks $250,000.00 for his pain and suffering.  [doc. # 4, p. 4].

## ORDER

To resolve Plaintiff's claims,[2]

**THE CLERK OF COURT IS DIRECTED** to serve a copy of this Memorandum Order, two (2) blank summons forms, and one (1)  USM-285 form for **EACH** defendant:

**(1) Nurse Tiffany Griffen**

**(2) Warden Timothy Ducote**

---

[2] In a separate Report and Recommendation, the undersigned recommended dismissing Plaintiff's request for injunctive relief, his claims against "Jackson Parish Correctional Administration" and "Medical Staff Jackson Parish Correctional Center," and his claim that defendants violated JPCC and LDPSC policies, rules, guidelines, and regulations.

2

**(3) Warden Saucer**

**(4) Major LeBlanc**

on Plaintiff at his last known address.

**IT IS ORDERED** that Plaintiff shall, within **thirty (30) days** after service of this Memorandum Order, provide two (2) completed summonses and one (1) completed USM-285 form for **EACH** defendant to the

**Clerk of Court**
**201 Jackson Street**
**Monroe, Louisiana 71210-1148**

After Plaintiff provides these documents, **THE CLERK OF COURT IS FURTHER DIRECTED** to serve, through the U.S. Marshal, a copy of the initial Complaints, [doc. #s 1, 4], the Amended Complaint, [doc. # 13], the appropriate summons, and a copy of this Memorandum Order on **EACH** defendant.

**IT IS FURTHER ORDERED** that Defendants file a response within **twenty-one (21) days** after the date of service.  Defendants shall address whether Plaintiff should be required to exhaust administrative remedies, and, if so, whether he has exhausted his administrative remedies prior to filing herein.  If Defendants contend that Plaintiff failed to exhaust administrative remedies, they are authorized to raise this issue via summary judgment motion as a threshold matter.  See *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).  Alternatively, if disputed facts preclude Defendants from filing a motion for summary judgment, Defendants may file a motion for an evidentiary hearing to resolve the exhaustion issue before the case proceeds to the merits.

**IT IS FURTHER ORDERED** that the following deadlines be established:

1.  Within **twenty-one (21) days** of Defendants' first appearance (filing of an answer or

motion), or within **thirty (30) days** after service of the summons and complaint if Defendants have not appeared, Defendants or their counsel shall provide to Plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession. See FED. R. CIV. P. 26(a)(1). Defendants or their counsel shall contemporaneously file a copy of these documents under seal with the Court, together with a Notice of Compliance attesting to the fact that the requirements of this Order have been met. If Plaintiff is not in receipt of these documents within the prescribed time period, Plaintiff may file with the Court a motion to compel such responses from Defendant(s). Any such motion must contain a memorandum in support and a proposed order, separately captioned and with a certificate of service stating that a copy has been sent to Defendant(s) by mailing it to Defendants' counsel.

2. Within **ninety (90) days** of Defendants' first appearance (filing of an answer or motion), the parties shall complete all discovery. The discovery deadline shall be suspended during the pendency of a motion for summary judgment or evidentiary hearing on the issue of exhaustion.

3. In addition to the mandatory discovery addressed in subsection (1) above, the parties may serve on one another additional written discovery requests; however, such additional discovery shall be limited to ten (10) interrogatories, five (5) requests for production of documents, and ten (10) requests for admissions. See FED. R. CIV. P. 33, 34, & 36.

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, all discovery requests and responses shall be filed into the record (by sending a copy to the Clerk of Court) and simultaneously sent to the opposing party or, if the party is represented, to that party's counsel via mail.

Note: *Do not file "motions for discovery, "as a motion is not the correct way to obtain discovery.  Pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent directly to counsel for the opposing party for a response.*

If any party believes that it needs additional discovery beyond that allowed by this Order, that party shall file a motion with the Court requesting such additional discovery.  The motion must contain a memorandum in support, a copy of the additional discovery requested, and a proposed order, all separately captioned and with a certificate of service stating that a copy has been mailed to Plaintiff or to Defendant's/Defendants' counsel, depending on who filed the motion.

Any motions to compel must comply with the requirements set out above for motions and must be filed prior to the end of the discovery period.

4.  Within **one hundred and twenty (120) days** of Defendants' first appearance, each party shall file <u>one</u> of the following:

a)      <u>Motion for Summary Judgment</u> as provided by Rule 56 of the Federal Rules of Civil Procedure, to include material and relevant affidavits, certified records, interrogatories and answers, admissions, and depositions, if any, and a supporting memorandum brief; or alternatively,

b)      <u>Statement of Issues</u> which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none.  The Court will use this statement to determine the necessity for an evidentiary hearing.

Any party's failure to comply with this Memorandum Order may result in the imposition of sanctions against that party.

In Chambers, Monroe, Louisiana, this 28th day of May, 2019.

Karen L. Hayes
United States Magistrate Judge