UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**VERNON LEWIS GLOVER**  **CIVIL ACTION NO. 19-0213**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**MEDICAL STAFF JACKSON PARISH**  **MAG. JUDGE KAREN L. HAYES**
**CORRECTIONAL CENTER, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Vernon Lewis Glover, a prisoner proceeding pro se and in forma pauperis, filed the instant proceeding on February 20, 2019, under 42 U.S.C. § 1983.[1] For the following reasons, the Court should dismiss Plaintiff's remaining claims.

### Background

On May 28, 2019, the undersigned ordered Plaintiff to, within thirty days, provide two completed summonses and one completed USM-285 form for each defendant to the Clerk of Court. [doc. # 16, p. 3]. The Catahoula Correctional Center returned the undersigned's Memorandum Order on June 3, 2019, noting that Plaintiff was no longer incarcerated there. [doc. # 17].

Plaintiff updated his address, and on July 8, 2019, the Clerk of Court again mailed Plaintiff a copy of the May 28, 2019 Memorandum Order. To date, Plaintiff has not provided completed summonses or completed USM-285 forms.

On August 15, 2019, the Elayn Hunt Correctional Center returned the Court's July 25, 2019 Judgment, noting that Plaintiff was no longer incarcerated there. [doc. # 24]. To date,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff has not updated his address.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* Further, under Local Rule 41.3, "The failure of an attorney or pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Here, as above, Plaintiff has failed to comply with the Court's Memorandum Order by the deadline.[2]

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff Vernon Lewis Glover's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the**

---

[2] If Plaintiff does not update his address by the end of the objection period described below, his failure will serve as an additional basis for dismissal.

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, at Monroe, Louisiana, this 11th day of September, 2019.

Karen L. Hayes
United States Magistrate Judge